# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES POINTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:04-CV-1031 CAS |
| HOME DEPOT, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This employment discrimination matter is before the Court on several motions filed by the pro se plaintiff, Charles Pointer. Defendant opposes the motions. The Court will discuss each motion in turn.

**Motion for Additional Time for Discovery for Response to Summary Judgment**.

On July 20, 2005, defendant filed a motion for summary judgment. In the instant motion, plaintiff asserts that on July 13, 2005, he requested that defendant provide him with a copy of its employee handbook, but defendant failed to do so and instead moved for summary judgment. Plaintiff asserts that he needs additional time for discovery, presumably to obtain the employee handbook, and to respond to the summary judgment motion

In response, defendant states that it provided plaintiff with a copy of its employee handbook via Federal Express on August 2, 2005, which plaintiff signed a receipt for on August 3, 2005. Defendant states that plaintiff therefore has the discovery he sought, so there is no reason to reopen the discovery deadline which expired on June 24, 2005. Defendant also asserts that plaintiff has failed

to meet the standards set forth in Rule 56(f) for delaying summary judgment. Plaintiff did not file a reply in support of his motion.

The Court concludes this motion should be denied in all respects. Plaintiff has not disputed that defendant provided him with the employee handbook he sought after the close of discovery.[1] In addition, plaintiff has failed to establish that a ruling on summary judgment should be delayed.

Rule 56(f) states:

**When Affidavits are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

A party invoking the protection of Rule 56(f) must affirmatively demonstrate why he cannot respond to the motion, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. Roark v. City of Hazen, Ark., 189 F.3d 758, 762 (8th Cir. 1999); Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 911 (8th Cir. 1999). Although adequate time must be provided for discovery, Rule 56 does not require the completion of all discovery before a court may properly grant summary judgment. Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). When a party seeks a postponement on a summary judgment decision, the party must "file an affidavit with the trial court to show what specific facts further discovery might unveil." Id. (emphasis added). In order to be protected by Rule 56(f), "a party must articulate what

---

[1] In a subsequent motion, discussed infra, plaintiff concedes that he received the employee handbook. See Doc. 28, "Plaintiff's Motion for Leave of the Court to File Out of Time Plaintiff's Motion for an Extension to Respond in Opposition to Defendant's Motion for Summary Judgment."

2

additional discovery is necessary and how it is relevant to the opposition of the pending motion for summary judgment." Allen v. Bridgestone/Firestone, Inc., 81 F.3d 793, 797 (8th Cir. 1996).

Plaintiff has failed to submit an affidavit stating why he cannot present by affidavit facts essential to justify his opposition to defendant's summary judgment motion. Therefore, relief is not available to plaintiff under Rule 56(f). See, e.g., Roark, 189 F.3d at 762; Cassidy, Inc. v. Hantz, 717 F.2d 1233 (8th Cir. 1983). Moreover, plaintiff has not shown how the employee handbook would be "essential to justify opposition to summary judgment." Beatty v. Synthes, 101 F.App'x 645, 646 (8th Cir. 2004) (unpublished per curiam). Plaintiff was never an employee of defendant's and the employment handbook would appear to be irrelevant to plaintiff's claim that he was not hired because of his race and sex. Finally, as previously noted, plaintiff does not dispute that he received the employee handbook on August 3, 2005.

**Motion for Extension of Time to Respond to Summary Judgment Motion**[2]

By this motion, plaintiff seeks a "thirty day continuance for discovery to file out of time because plaintiff does not have enough material facts to respond to summary judgment." Mot. for Ext. at 1. Plaintiff states in the motion that he discovered defendant's employee handbook does not address the hiring process and the computerized application, so plaintiff cannot determine if Ernie Nichols violated company policy. Plaintiff also states that he cannot get "vital discovery facts to see what races of people were hired after he did not get hired and how were they interviewed and were they told they were taking a test and did Ernie discuss these questions with them." Id. at 2.

---

[2]The full title of this motion is "Plaintiff's Motion for Leave of the Court to File Out of Time Plaintiff's Motion for an Extension to Respond in Opposition to Defendant's Motion for Summary Judgment."

As discussed above, the discovery deadline in this case passed on June 24, 2005 and defendant's motion for summary judgment is pending. Plaintiff had the opportunity to seek needed discovery before the deadline to do so passed. The Court notes that plaintiff did not take the deposition of Ernie Nichols, the alleged wrongdoer, to explore his role in the case. The Court finds that plaintiff has failed to establish that the discovery deadlines should be modified at this time.

To the extent the motion is properly construed as a motion for additional time to respond to summary judgment under Rule 56(f), as stated above, a party invoking the protection of Rule 56(f) must affirmatively demonstrate why he cannot respond to the motion for summary judgment, and how postponement of a ruling will enable him to rebut the movant's showing of the absence of a genuine issue of fact. Stanback, 180 F.3d at 911. Plaintiff has failed to submit an affidavit stating why he cannot present by affidavit facts essential to justify his opposition to defendant's summary judgment motion. Therefore, relief is not available to plaintiff under Rule 56(f). See, e.g., Roark, 189 F.3d at 762; Cassidy, 717 F.2d at 1235. This motion should therefore be denied. The Court will, however, grant plaintiff an additional ten days in which to file his response to defendant's summary judgment motion.

**"Plaintiff is Requesting that He and Defendant Set a Time to Meet and Discuss Discovery Questions that He Needs Information on to Respond to Summary Judgment"**

This document appears to be directed to defendant's counsel and seeks to set up a "time to meet" and "discuss completing discovery materials." The document also states, "I will request that the court give us more time for discovery to respond to summary judgement [sic]." The Court will not order the defendant to meet with plaintiff for the purpose of conducting late discovery. To the

extent this is a separate motion for additional time to conduct discovery out of time, it will be denied for the reasons set forth above.

**Motion to Amend Complaint**.

Plaintiff also moves for leave to amend his complaint "with a claim for one million dollars." Plaintiff asserts that he should be permitted to amend his complaint more than six months after the deadline for amendment of pleadings and after defendant has moved for summary judgment because defendant has not produced the employee handbook. Plaintiff states, "The reason for this late amending of the petition is because defendant has refused to send Pointer materials requested in discovery and has not sent Pointer an employee handbook showing if they are suppose[d] to give warnings telling applicants to be careful in the way they respond to questions because it can be used to keep them from getting hired." Pl.'s Mot. to Amend at 4, ¶ 8.

Plaintiff's motion asserts that (1) he did not receive an employee handbook "regarding the necessary steps of what are the next procedures to take after he completed the [employment] application," id. at 1; (2) he does not know if there are disclaimers in the employee handbook "saying if the responses are not what the company is looking for he would not be hired for the job at Home Depot," id.; (3) defendant has not provided plaintiff with statistics from which plaintiff can prove disparate impact from defendant's scoring policies on its computerized application; (4) defendant's Human Resources employee, Ernie Nichols, did not give plaintiff "[f]eedback after he filled out the application or grant an interview," id. at 3; (5) Ernie Nichols did not provide plaintiff with scores indicating if plaintiff was passing or failing the application; (6) the test did not measure plaintiff's performance as an employee; (7) defendant did not tell plaintiff he was being scored and "there were no warnings on the application stating [plaintiff] was taking a test which is a misrepresentation", id.

5

at 4; and (8) defendant did not show plaintiff a "scoring system to explain how his responses helped him not get employed but used those responses to not hire him and not placing the results in a letter stating they were the non-discriminatory reasons he was not hired." Id.

Defendant responds that plaintiff's proposed amendment to seek damages of $1,000,000 is futile because Title VII contains a damage cap of $300,000. Defendant also states that plaintiff has unduly delayed in moving to amend his complaint, and notes that plaintiff does not assert any new claim but rather reasserts the same claims that he made in the original complaint. Defendant contends that plaintiff's motion is the result of a dilatory motive, based on his displeasure at the undisputed facts set forth in defendant's summary judgment motion which "paint plaintiff in a bad light and are fatal to [his] cause." Def.'s Opp. at 3. Defendant also asserts that it would be prejudiced if defendant were allowed to amend his complaint at this late date, because it has evaluated its defense of the entire case within the framework of plaintiff's original damage demand.

Defendant also states that it provided plaintiff with the employee handbook, the absence of which is the stated basis for plaintiff's need to amend. Finally, defendant observes that plaintiff does not assert a disparate impact theory, but rather asserts intentional discrimination by a Home Depot Human Resources employee, and therefore plaintiff's assertions concerning statistical evidence do not provide grounds for amendment of the complaint.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to

amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

The Court finds that plaintiff's proposed amendment should be denied because it appears to have been filed with a dilatory motive. The proposed amendment seeks to change only the amount of damages sought, rather than asserting a new claim or theory of relief, and is not based on any facts which are alleged to have occurred or been discovered since the deadline for seeking amendments to pleadings passed on January 18, 2005. Rather, the proposed amendment was filed only after defendant moved for summary judgment, along with the three other motions discussed herein by which plaintiff seeks additional time to respond to the dispositive motion. The stated factual basis for the motion for leave to amend, that plaintiff had not received defendant's employee handbook, no longer exists because plaintiff received the employee handbook in early August 2005. Moreover, the Court does not understand how any failure by defendant to produce the handbook would warrant plaintiff seeking a greater amount of damages.[3]

---

[3]Plaintiff has never pleaded a disparate impact claim, and therefore his assertion concerning statistical evidence is irrelevant. "Disparate impact claims under Title VII challenge 'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.' Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993). To establish a prima facie case for disparate impact, the plaintiff must show: (1) an identifiable, facially-neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two. See Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988)." Mems v. City of St. Paul, 224 F.3d 735, 740 (8th Cir. 2000).

In addition, the proposed amendment appears to be futile, because plaintiff cannot recover damages of $1,000,000 in this case based on Title VII's $300,000 damage cap. See Baker v. John Morrell & Co., 382 F.3d 816, 827 (8th Cir. 2004) (citing 42 U.S.C. § 1981a(b)(3)). Although compensatory damages do not include backpay and other relief authorized under 42 U.S.C. § 2000e-5(g), plaintiff was seeking an hourly associate position at Home Depot and it is virtually inconceivable that his backpay damages could begin to approach $700,000. See Humphreys v. Roche Biomedical Laboratories, Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) (it is appropriate to deny leave to amend where the filing of the amended complaint would be futile). For these reasons, the Court will deny leave to amend.

**Conclusion**.

For the foregoing reasons, the Court will deny plaintiff's motions for additional time to conduct discovery relative to defendant's summary judgment motions. The Court will also deny plaintiff's request that defendant be ordered to meet with him concerning discovery. Plaintiff's motion for leave to amend his complaint should be denied. Plaintiff will be granted ten days from the date of this order in which to file his response to defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for additional time for discovery is **DENIED**. [Doc. 24]

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to file response to summary judgment motion is **GRANTED** to the extent that plaintiff shall file his response to defendant's summary judgment motion on or before September 12, 2005, and **DENIED** in all other respects. [Doc. 28]

**IT IS FURTHER ORDERED** that plaintiff's Request That He and Defendant Set a Time to Meet and Discuss Discovery Questions is **DENIED**. [Doc. 29]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint is **DENIED**. [Doc. 25]

**IT IS FURTHER ORDERED** that plaintiff shall file his response to defendant's motion for summary judgment on or before **September 12, 2005**. No further extensions of time will be granted. Defendant's reply memorandum shall be filed on or before **September 22, 2005.**

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of September, 2005.