UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES POINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:04-CV-1031 CAS |
| | ) | |
| HOME DEPOT, USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Home Depot, USA, Inc.'s ("Home Depot" or "defendant") motion for summary judgment. Plaintiff, acting pro se, opposes the motion. On September 27, 2005, plaintiff submitted a document entitled "Memorandum in Support of Plaintiff's Motion for Summary Judgment to File from Leave of Court This Motion and Affidavit Out of Time Filing Informa [sic] Pauperis," which the Court construes as a motion for summary judgment.[1] For the following reasons, the Court will grant the defendant's motion for summary judgment and deny plaintiff's.

**Background**.

Plaintiff submitted an electronic application for employment on a computer at Home Depot's store on Kingshighway Road in St. Louis, Missouri. The next day, plaintiff called the Home Depot store to inquire about his application. He was told by Ernie Nicholas, a Human Resources Manager, that his application did not pass the career requirements of Home Depot. Plaintiff understood Mr. Nicholas to say that "there was something I didn't fill out right on the computer test." Mr. Nicholas

---

[1]The Court notes that plaintiff has filed a number of documents in this case which he has titled "affidavit," but none of the documents appear to have been sworn to before an officer authorized to administer oaths, or signed under penalty of perjury pursuant to 28 U.S.C. § 1746.

did not say anything racially derogatory during this conversation. Two days later, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue on July 14, 2004 and filed this action on August 10, 2004.

Plaintiff alleges in his verified complaint that Home Depot failed to hire him because of his race and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e to 2000e(17) ("Title VII").

Defendant moves for summary judgment on the basis that plaintiff fails to establish a prima facie case of race or sex discrimination in employment because plaintiff was not qualified for the position he applied for. Defendant also asserts that even if plaintiff could establish a prima facie case, he cannot establish that defendant's legitimate, nondiscriminatory reason for failing to hire him was a pretext for illegal discrimination.

**Legal Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing

there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

With the foregoing standards in mind, the Court finds the following facts for purposes of the instant motion for summary judgment.

**Facts**.[2]

Plaintiff submitted an application for employment at Home Depot's hardware/home improvement store on Kingshighway Road in St. Louis, Missouri, on August 3, 2003. Plaintiff submitted the application after a male African-American employee told plaintiff outside of the store that Home Depot was "constantly hiring" employees. When plaintiff went inside the store to submit an application, he talked to another African-American Home Depot employee about the store's hiring practices. The application process at Home Depot is computerized, so plaintiff completed an

---

[2]Plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Rule 4.01(E). As a result, for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999).

electronic application on a computer at the Kingshighway store. Plaintiff did not talk with anyone as he was submitting the application, but rather walked into the store, sat down at the application counter, and submitted his application.

During the computerized application process, Home Depot job applicants are asked a series of questions. If an applicant answers certain questions in the negative, the computer program that runs the application process automatically gives the applicant a negative score for that question. For example, applicants are asked whether or not they agree with the proposition, "It is important to go out of your way to serve every customer." If an applicant responds to this proposition by stating that he "strongly disagrees," that applicant will receive a negative score for that question. Each Home Depot job applicant receives a score, based on the manner in which he or she answers the application questions. If an applicant answers too many questions in a manner that Home Depot considers negative, that applicant will not obtain a high enough score to be considered for employment by Home Depot.

As part of the computerized job application process, plaintiff was asked a series of questions, like all other applicants. Plaintiff was asked whether he strongly agreed, agreed, disagreed or strongly disagreed with the following propositions:

- "It is important to go out of your way to serve every customer."
- "I keep a positive attitude when under stress."
- "I enjoy meeting new people and helping them."
- "I am able to maintain my temper even when I am upset."

In response to each of these propositions, plaintiff indicated that he "strongly disagreed" with the proposition.

Because plaintiff answered "strongly disagree" to these four propositions, he did not achieve a high enough score on his computerized application to be considered for employment by Home Depot. Home Depot is a retail company that specializes in customer service, and Home Depot considers it important for its sales associates to strive to serve every customer, to keep a positive attitude in stressful customer service situations, and to maintain their temper with customers. Home Depot also considers it important that its employees enjoy interacting with other people. By answering that he "strongly disagrees" with the four propositions, plaintiff indicated that he did not have these four qualifications which defendant considers important.

On August 4, 2003, the day after plaintiff completed the application process, he called defendant's Human Resources Manager at the Kingshighway store, Ernie Nicholas. Plaintiff inquired of Mr. Nicholas as to the status of his employment application. Upon receiving plaintiff's inquiry, Mr. Nicholas typed plaintiff's name into a computerized candidate search system on his computer. This search prompted a message that stated plaintiff had not met the career requirements for the position for which he applied. Mr. Nicholas then told plaintiff that his computerized application did not pass the career requirements of Home Depot. Plaintiff understood Mr. Nicholas to say that "there was something I didn't fill out right on the computer test."

Mr. Nicholas did not say anything racially derogatory during this telephone conversation. Prior to submitting his job application, plaintiff had never spoken to Mr. Nicholas. Plaintiff did not take any steps to follow up with Home Depot on the reasons he was not hired. Plaintiff did not stop by the store in person to talk with a manager about his application, and did not complain to anyone at Home Depot about his application or do anything to supplement his application. Two days after

his conversation with Mr. Nicholas, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

The reason plaintiff believes that Home Depot did not hire him because of his race is because Mr. Nicholas did not articulate what plaintiff believes to be a legitimate, non-discriminatory reason during their telephone conversation as to why plaintiff would not be hired, or send him a letter explaining why he was not hired. Plaintiff complains that Mr. Nicholas did not "sit down and talk with me" after he had submitted his application.

Plaintiff still shops at the Kingshighway Home Depot, and has been to the store since August 2003. Plaintiff admits that the store is in a "pretty diverse neighborhood," with many African-Americans, whites, Italian-Americans, and Vietnamese in the area. Plaintiff admits that based on his observations, the composition of the employees at the Kingshighway store reflects the diversity of the neighborhood. There are a large number of African-Americans and males who currently work at the Kingshighway store, and approximately half of the employees are members of a minority group. Since August 2003 when plaintiff's application was rejected, Mr. Nicholas has interviewed and the store has hired African-American employees and male employees.

**Discussion**.

Plaintiff's claims under Title VII are evaluated under the familiar three-part analytical framework initially set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800-06 (1973), and later refined in subsequent Supreme Court decisions, most recently St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). See Whitley v. Peer Review Sys., Inc., 221 F.3d 1053, 1055 (8th Cir. 2000). "Once the plaintiff has established a prima facie case, the employer has the burden of explaining its actions with legitimate, nondiscriminatory reasons. If the employer puts forth legitimate

reasons for its actions, the burden shifts back to the plaintiff to show that the employer's stated reasons were a pretext for discrimination." Whitley, 221 F.3d at 1055 (internal citations omitted).

"[A] prima facie case requires only a minimal showing before shifting the burden to the employer." Sprenger v. Federal Home Loan Bank of Des Moines, 253 F.3d 1106, 1111 (8th Cir. 2001) (citation omitted). The defendant must then offer evidence of a reason other than illegal discrimination for its action. If the defendant can do so, the plaintiff must present sufficient evidence to both (1) raise a question of fact as to whether defendant's proffered reason was pretextual, and (2) create a reasonable inference that his race or sex was a determinative factor in the decision to fail to hire him. See Erickson v. Farmland Indus., Inc., 271 F.3d 718, 726 (8th Cir. 2001) (citation omitted). "An employee's attempt to prove pretext or actual discrimination requires more substantial evidence, however, because unlike evidence establishing the prima facie case, evidence of pretext and discrimination is viewed in light of the employer's justification." Sprenger, 253 F.3d at 1111. "A court may therefore conclude that in light of the employer's non-discriminatory rationale, the plaintiff's evidence does not permit a reasonable inference of discrimination." Id.

To make a prima facie showing of discriminatory failure to hire, plaintiff must prove that: (1) he is a member of a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected; and (4) after rejecting plaintiff, the employer continued to seek applicants with plaintiff's qualifications. Caviness v. Nucor-Yamato Steel Co., 105 F.3d 1216, 1223 (8th Cir. 1997).

Home Depot moves for summary judgment on the basis that plaintiff fails to establish a prima facie case of race or sex discrimination, because he cannot establish that he was qualified for the position he sought. Home Depot asserts that plaintiff was not qualified to work at Home Depot

7

because he specifically admitted in his employment application that (1) he does not think is it important to go out of his way to serve customers, (2) he does not keep a positive attitude when he is under stress, (3) he does not enjoy meeting new people, and (4) he does not maintain his temper. Home Depot asserts that it is a retail company which specializes in customer service, and considers it important for its sales associates to strive to serve every customer, keep a positive attitude in stressful customer service situations, and maintain their temper with customers. Home Depot also considers it important that its associates enjoy interacting with people. Home Depot states that plaintiff "strongly disagreed" on his application that he had any of these attributes, and because plaintiff disagrees with these basic tenets of customer service, he is unqualified to work at Home Depot.

The Court agrees that plaintiff has failed to establish a prima facie case of sex or race discrimination, because he has not established the existence of a genuine issue of material fact with respect to whether he was qualified to work at Home Depot. Plaintiff asserts that he cannot remember the answers he gave to the questions asked during his employment application. As a result, plaintiff has no basis for disputing the fact that he answered the questions in the manner set forth by Home Depot. Plaintiff states that Home Depot had time to change his application responses to negative ones, but this is mere speculation and conjecture insufficient to raise an issue of fact as to whether plaintiff was qualified for the position. See Marquez v. Bridgestone/Firestone, Inc., 353 F.3d 1037, 1038 (8th Cir. 2004) (race discrimination plaintiff's unsubstantiated allegations that other employees were treated more favorably were "mere speculation, conjecture, or fantasy," and were insufficient to establish a prima facie case or survive summary judgment).

Assuming arguendo that plaintiff could establish a prima facie case, Home Depot asserts that plaintiff's responses to the job application questions provided it with a legitimate, non-discriminatory reason for its failure to hire him. The burden therefore shifts back to plaintiff to present evidence sufficient evidence to (1) raise a question of fact as to whether Home Depot's proffered reason was pretextual, and (2) create a reasonable inference that his race or sex was a determinative factor in the decision not to hire him. See Erickson, 271 F.3d at 726.

Plaintiff has offered no evidence to establish that Home Depot's articulated reason for failing to hire him is either false or a pretext for illegal discrimination. Plaintiff's only asserted basis for concluding that Home Depot discriminated against him based on his sex or race is that Home Depot did not give plaintiff "non-discriminatory reasons . . . indicating why he was not hired by Home Depot after he filled out the application," and that "Ernie did not indicate anything in writing that explained why he was not hired by the company." [Doc. 33 at 6, 7]; see also Pl.'s Dep. at 154. Plaintiff testified that he understands the Supreme Court's decision in McDonnell Douglas to require an employer to provide a job applicant with an explanation at the time an application is rejected, stating why the applicant was not hired, or the employer will be liable for discrimination. See Pl.'s Dep. at 153-54.

Plaintiff's interpretation of McDonnell Douglas reflects a fundamental error in reasoning. Nothing in McDonnell Douglas requires an employer to give an applicant either an explanation or a rejection letter if it chooses not to hire the applicant. Rather, the case establishes the three-part burden-shifting analytical framework courts must apply in employment discrimination lawsuits, as set forth at pages 6-7 of this memorandum and order. Because plaintiff's fallacious understanding of McDonnell Douglas is the only argument he offers to show that Home Depot's reason for rejecting

9

his application is false, plaintiff fails to raise a question of fact as to whether the reason was pretextual.[3]

Plaintiff also fails to offer any evidence tending to establish a reasonable inference that his race or sex was a determinative factor in Home Depot's decision not to hire him. Plaintiff testified that after his application was rejected, he was "quite sure there was [sic] women and men hired after I was not hired," and "I'm quite sure they hired men and women after I was not hired of both races – black, white, Caucasian, Chinese, whatever." Pl.'s Dep. at 150. Plaintiff also testified, "[I]f the record shows where [Nicholas] hired people after I didn't get hired, and he had black, white, whatever, it had to be because of my race. It had to be something because he hadn't stated it." Id. at 154.

This testimony establishes that plaintiff has no evidence that Home Depot discriminated against him because of his race or sex. Plaintiff simply assumes that he was not hired because of his race or sex because he did not receive what he considered to be a satisfactory explanation for his rejection. Plaintiff admits that the Kingshighway store is in a "pretty diverse neighborhood" and the composition of the employees at the store "pretty well reflect[s] the diversity" of the community it serves, including a large number of male employees and African-American employees. Pl.'s Dep. at 148-49. Home Depot established that roughly half of its employees at the Kingshighway store belong to a minority group, and that after plaintiff's application was rejected, it continued to interview and hire both male and African-American employees.

---

[3]The Court takes judicial notice that plaintiff has filed a number of employment discrimination claims in this district in the past several years. In the future, plaintiff should not assert that McDonnell Douglas requires an employer to give a job applicant either an explanation or a rejection letter if the applicant is not hired. Plaintiff's belief that the McDonnell Douglas case requires such action is without any basis in the law. Any future assertions by plaintiff that McDonnell Douglas requires such action would not be in good faith.

For these reasons, the Court concludes that plaintiff has failed to meet his burden to establish the existence of a genuine issue of material fact with respect to pretext. The Court has carefully considered and rejects plaintiff's assertions that he has been denied discovery information necessary to permit him to properly respond to defendant's motion for summary judgment. <u>See</u> <u>also</u> Mem. and Order of Sept. 2, 2005 [Doc. 31].

The Court concludes that plaintiff fails to establish a prima facie case of race or sex discrimination, and fails to present any evidence which (1) tends to establish that Home Depot's articulated non-discriminatory reason for failing to hire him was pretextual, or (2) creates a reasonable inference that illegal sex or race discrimination was the real reason Home Depot did not hire him. As a result, it is unnecessary to address defendant's additional arguments concerning plaintiff's alleged application fraud, plaintiff's lack of employment experience in the hardware or home improvement industry, or his subsequent employment history relative to damages.

**<u>Conclusion</u>**.

For the foregoing reasons, the Court concludes that Home Depot's motion for summary judgment should be granted on plaintiff's race and sex discrimination claims under Title VII, and plaintiff's motion for summary judgment should be denied. The document filed by plaintiff entitled "Motion to File an Affidavit From Leave of Court Out of Time For Charles Pointer Filing Informa [sic] Pauperis," [Doc. 32], which is neither a motion nor an affidavit but rather is a narrative statement of plaintiff's case, will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Home Depot, USA, Inc.'s motion for summary judgment is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that plaintiff's "Memorandum in Support of Plaintiff's Motion for Summary Judgment to File from Leave of Court This Motion and Affidavit Out of Time Filing Informa [sic] Pauperis," construed as a motion for summary judgment, is **DENIED**. [Doc. 36]

**IT IS FURTHER ORDERED** that plaintiff's "Motion to File an Affidavit From Leave of Court Out of Time For Charles Pointer Filing Informa [sic] Pauperis" is **DENIED** as moot. [Doc. 32]

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of September, 2005.