**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CHARLES POINTER,                           )
                                            )
              Plaintiff,                    )
                                            )
        v.                                  )          No. 4:04-CV-1031 CAS
                                            )
HOME DEPOT, USA, INC.,                     )
                                            )
              Defendant.                    )

## MEMORANDUM AND ORDER

This closed employment discrimination matter is before the Court on <u>pro se</u> plaintiff Charles

Pointer's motion for new trial under Rule 59, Federal Rules of Civil Procedure, and motion for relief

from judgment under Rule 60(b), Federal Rules of Civil Procedure.[1] Defendant Home Depot opposes

the motions. Plaintiff did not file a reply in support of his motions and the time to do so has passed.

For the following reasons, the motions should be denied.

**Rule 59 Motion**.

Although plaintiff's motion under Rule 59 seeks a new trial, it is properly evaluated under

Rule 59(e) as motion to alter or amend the judgment, as it questions the correctness of the summary

judgment entered in this case. Any motion questioning the correctness of a judgment is functionally

a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P., regardless of how the

---

[1]On October 12, 2005, plaintiff filed two motions: One was entitled "Motion to Amend
Memorandum in Support of Plaintiff's Motion for New Trial under FRCP 59 and to Set Aside the
Judgement [sic] under FRCP 60(B) Filing Informa [sic] Pauperis," [Doc. 39], and the second was
entitled "Motion to Amend Memorandum in Support of Plaintiff's Motion for a New Trial under
FRCP 60(B) Filing Informa [sic] Pauperis." [Doc. 40] The Court is not sure if plaintiff is seeking
relief under Rule 59(a), Rule 60(b), or both. The Court will therefore address plaintiff's motion under
both Rules.

motion is styled.  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998); see Sanders v. Clemco Industries, 862 F.2d 161, 168 n.13 (8th Cir. 1988).  As such, plaintiff's motion is properly construed as a timely motion under Rule 59(e).

A court has broad discretion in considering a Rule 59(e) motion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir.), cert. denied, 488 U.S. 820 (1988).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted).  A Rule 59(e) motion may be granted to correct a manifest error of law or fact, or to consider newly-discovered evidence.  See Hagerman, 890 F.2d at 414 (citation omitted).  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.  Innovative Home Health Care, 141 F.3d at 1286.

Plaintiff's assertions do not provide grounds for relief from the judgment.  Plaintiff reiterates arguments previously made, but fails to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.  Plaintiff's motion under Rule 59, Fed. R. Civ. P., should therefore be denied.

**Rule 60(b) Motion**.

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds:  Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly-discovered evidence which by due diligence could not have been discovered in time for a Rule 59(e) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or other misconduct of an adverse party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the

judgment has been satisfied, released, or discharged, or an earlier judgment on which this judgment is based has been reversed or vacated, or it is no longer equitable that the judgment have prospective application, Fed. R. Civ. P. 60(b)(5); and any other reason justifying relief from the operation of the judgment, Fed. R. Civ. P. 60(b)(6).

"Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances." Richards v. Aramark Services, Inc., 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir.), cert. denied, 469 U.S. 1072 (1984). Rule 60(b) authorizes relief based on certain enumerated circumstances as listed above. "It is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff does not specify the portion of Rule 60(b) under which he brings his motion for relief from the judgment. The Court has carefully reviewed plaintiff's motion and finds that it is a reargument on the merits of the matters previously addressed in the summary judgment materials and the Court's Memorandum and Order of September 29, 2005. To the extent plaintiff objects that the Court did not require defendant to respond to plaintiff's untimely motion for summary judgment, this is not a basis for relief from the judgment. Plaintiff had a full opportunity to respond to defendant's motion for summary judgment, and plaintiff's motion for summary judgment merely reiterated the arguments contained in plaintiff's opposition to defendant's motion for summary judgment. In addition, plaintiff's motion for summary judgment failed to comply with this Court's orders and the Local Rules because it was not accompanied by a statement of uncontroverted material facts as

required by Local Rule 4.01(E), and was untimely by more than sixty days (see Case Management Order of Dec. 3, 2004, establishing dispositive motion deadline of July 20, 2005).

For these reasons, plaintiff's motion for relief from the judgment under Rule 60(b) should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a new trial under Rule 59(a), construed as a motion to alter or amend judgment under Rule 59(e), **DENIED**. [Doc. 39]

**IT IS FURTHER ORDERED** that plaintiff's motion for relief from judgment under Rule 60(b) is **DENIED**. [Doc. 40]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _28th_ day of October, 2005.